DANN, appellant, v. KINGDOM.

*Evidence — proof of marriage in cases of crim. con.*

In an action for criminal conversation with S., alleged to be plaintiff's wife, to prove the marriage plaintiff offered himself as a witness, but was not admitted. He then offered to show by witnesses that he and S. had lived and cohabited together for a long time as husband and wife, and lastly offered in evidence the certificate of a justice of the peace, proved to be dead, setting forth that he (the justice) had, on a certain date, united plaintiff and S. in the bonds of matrimony. The certificate did not state that the justice knew the parties, or that they were identified to him, or that they were of sufficient age to marry, and there were no attesting witnesses.

*Held*, that the evidence was incompetent to prove the marriage. In cases of criminal conversation, etc., an actual marriage must be proved. The husband and wife are not entitled to testify to the fact under the act of 1867, and general reputation of marriage is insufficient.

The certificate of the justice offered did not comply with the statute requirements, and was not proof of the marriage.

THIS is an action for criminal conversation.

At the trial at the Onondaga circuit the plaintiff, to prove his marriage, was offered as a witness in his own behalf. This was objected to by the defendant, the objection sustained and the evidence excluded, to which the plaintiff excepted.

The plaintiff then called a brother of plaintiff, and offered to prove by him that about fourteen years ago the plaintiff, then being a single man, left home with the avowed intent of contracting marriage with Sarah, his present wife; that he returned after a few hours' absence, accompanied by her; that he then introduced her to the family as his wife, and they thereupon both stated that they had been married by Esquire Sheldon, that they commenced living together as husband and wife, and had continued so to live together as husband and wife until the plaintiff separated from her on account of the matter involved in the action, and had raised a family of children, and had ever been received and recognized as husband and wife by the family of each and their acquaintances.

Which testimony was objected to, and the objection sustained, to which the plaintiff excepted.

The plaintiff then proved that Allen Sheldon was formerly a justice of the peace of the town of Cicero, or Onondaga, in said county,

and was such justice on the 11th of October, 1857, and that such Sheldon was dead, and proved his signature to a certificate in the words following:

"This certifies that the rites of holy matrimony was celebrated between Marcus Dann, of the town of Hastings, N. Y., and Sarah ———, of the same place, on the 11th day of October, at Cicero, by

"ALLEN SHELDON,

"Witnesses: "*Justice of the Peace.*"

Which was objected to and excluded, and the plaintiff duly excepted. The court thereupon, on motion of defendant's counsel, nonsuited the plaintiff, and to such order the plaintiff's counsel duly excepted. Judgment was duly entered up on such nonsuit, from which the plaintiff duly appealed to this court.

*Sedgwicks, Kennedy & Tracy,* for appellant, cited *O'Gara* v. *Eisenlohr,* 38 N. Y. 298; *Clayton* v. *Wardell,* 4 id. 234; *Scherpf* v. *Szadeczky,* 1 Abb. 366; 2 Edm. Stat. at Large, 146, §§ 16, 17.

*Gray, Clarke & Costello* and *L. E. Warren,* for respondent, cited *Fenton* v. *Reed,* 4 Johns. 53; *People* v. *Humphry,* 7 id. 314; *Clay* v. *Wardell,* 5 Barb. 214; S. C. affirmed, 4 N. Y. 230; Code, § 398; Laws 1867, chap. 887, § 1; Voorhies' Code (Ed. 1870), § 398, n. *b;* 2 Edm. Stat. at Large, 146, 147.

E. D. SMITH, J. It has long been settled that in actions for criminal conversation and divorce, and in prosecutions for bigamy, an actual marriage must be proved — and that in these cases the cohabitation of the parties as man and wife, their declaration or admissions, or the reputation of an existing marriage — or the plaintiff's acknowledgment of the woman as his wife, and holding her out as such to his friends and acquaintance, and her reception in the family as such are not sufficient to maintain the suit. 2 Phil. Ev. 206; Cowen and Hill's note (782), 410; *Morris* v. *Miller,* 4 Burr. 2057, and *Birt* v. *Barlow,* 1 Doug. 170; 2 Greenl. Ev., § 49; *Fowler* v. *Reed,* 4 Johns. 53; 7 id. 314.

The proof offered by the witness Dann, the plaintiff, was of the class held insufficient, and was properly excluded within these cases.

The plaintiff was not a competent witness to prove such marriage. The act of 1867, to enable husband and wife to be witnesses for and

against each other (Laws 1867, chap. 887), expressly excepts the cases where the question of the adultery of the husband or wife is in controversy, except to prove a former marriage in case of bigamy, and the fact of marriage in actions for divorce.

This evidence was therefore properly excluded.

The certificate of marriage was also properly excluded. It was entirely insufficient. When a statute makes such a certificate or any class of ex parte or extra judicial statements evidence, the statute must be strictly complied with.

This certificate fails to state, as required by the statute, that the magistrate knew the parties described in such certificate, or that they were satisfactorily proved by the oath of a person known to him to be the persons described in such certificate, and that he had ascertained that they were of sufficient age to contract marriage. It also fails to state the name and place of residence of the attesting witnesses, and no attesting witnesses appear on the face of the certificate to have been in fact present. And it also fails to state that, upon due inquiries made, there appeared no lawful impediment to said marriage.

The proof was entirely insufficient upon this point of the marriage of the plaintiff with the woman in question, and the nonsuit was properly directed.

The judgment should therefore be affirmed.

*Judgment affirmed.*